# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### 3:11cv627-GCM
### (3:00cr136-4)

| | |
|---|---|
| JOHN JERMAINE BECKHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) For the reasons stated herein, the Motion shall be dismissed as an unauthorized successive § 2255 Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 2000, a Superceding Bill of Indictment was filed, charging Petitioner with conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§841 and 846 (Count One), and possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. §841(a)(1) (Count Six). (Case No. 3:00cr136-4, Doc. No. 14.) Thereafter, on August 28, 2000, the government filed a Notice pursuant to 21 U.S.C. §§841 and 851, identifying Petitioner's state drug convictions that it intended to rely upon to seek enhanced penalties in the event it obtained a conviction in either Count. (Id., Doc. No. 15.)

On January 5, 2001, Petitioner pled guilty to Count One pursuant to a written Plea

Agreement. (Id., Doc. Nos. 50, 54.) By the terms of the Agreement, Petitioner stipulated that the amount of cocaine base for which he could be held responsible under the conspiracy was at least 150 but less than 500 grams; that the corresponding offense level for such quantity was 34; and that he previously had been convicted of the Sale and Delivery of cocaine in the Superior Court of Mecklenburg County, North Carolina. (Id., Doc. No. 50 at 2.) Per the Plea Agreement, the government filed an amended § 851 Notice of intent to seek enhanced penalties, identifying only the conviction Petitioner had stipulated to in the Agreement. (Id., Doc. Nos. 50, 56.) Petitioner subsequently was sentenced as a Career Offender to 300 months imprisonment, followed by 10 years supervised release. (Id., Doc. No. 152.)

Petitioner appealed, and the government filed a motion to dismiss the appeal. On April 28, 2006, the Fourth Circuit Court of Appeals granted the government's motion and dismissed Petitioner's appeal. (Case No. 3:00cr136-4, Doc. No. 183.)

On July 17, 2006, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Case No. 3:06cv292, Doc. No. 1.) On July 23, 2006, the Court dismissed Petitioner's § 2255 Motion as untimely. (Id., Doc. No. 2.) Petitioner appealed, and on December 21, 2006, the Fourth Circuit dismissed the appeal. United States v. Beckham, 210 F. App'x. 288 (4th Cir. 2006).

Petitioner filed the instant Motion to Vacate on December 8, 2011. (Doc. No. 1.) In it, he contends that his sentence should be vacated in light of the decisions in Carachuri-Rosendo v. Holder, __ U.S. __, 130 S.Ct. 2577 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Id. at 8.)

II. ANALYSIS

A.     INITIAL REVIEW REQUIREMENT

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings, Rule 4(b).

B.     RULE AGAINST UNAUTHORIZED SUCCESSIVE § 2255 MOTIONS

The Anti-Terrorism and Effective Death Penalty Act prohibits a prisoner from filing a "second or successive" motion under § 2255 unless it is "certified . . . by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h) (2008). A motion to vacate will be deemed "successive" if the first motion to vacate attacking the same criminal judgment was adjudicated on the merits. Harvey v.. Horan, 278 F.3d 370, 379 (4th Cir. 2002) (citing Slack v. McDaniel, 529 U.S. 473 (2000)), *abrogated on other grounds by* Skinner v. Switzer, __ U.S. __, 131 S.Ct. 1289 (2011). When a motion pursuant to § 2255 has been dismissed as untimely, that dismissal constitutes an adjudication on the merits. Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003); accord, In re Flowers, 595 F.3d 204, 205 (5th Cir. 2009); Rudisill v. United States, No. 1:10cv253, 2010 WL 4510913 at *2 (W.D.N.C. Nov. 2, 2010) (citing Villanueva, 346 F.3d at 61).

Petitioner's § 2255 Motion is successive, and he has not obtained authorization from the Fourth Circuit Court of Appeals to file it. The Court, therefore, does not have jurisdiction to consider the merits of Petitioner claims. United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003). Consequently, Petitioner's Motion shall be dismissed without prejudice to his ability to

seek the Fourth Circuit's authorization to file a successive § 2255 motion. Additionally, the Court declines to issue a certificate of appealability in this matter, as Petitioner has not established that the Court's dispositive procedural ruling is debatable, and that he has stated a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing 28 U.S.C. § 2253(c)).

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that**:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED without prejudice** as successive; and

2. A certificate of appealability shall not issue in this case.

Signed: December 13, 2011

Graham C. Mullen
United States District Judge