# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:16-cv-470-GCM
## (3:00-cr-136-GCM-4)

| | | |
|---|---|---|
| **JOHN JERMAINE BECKHAM,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and in light of Petitioner's Supplemental Memorandum, (Doc. No. 13), in which Petitioner concedes that his claim is time-barred. Petitioner is represented by the of the Office of the Federal Public Defender of Western North Carolina.

Petitioner pled guilty in the underlying criminal case to conspiracy to possess with intent to distribute, and distribute, cocaine base. (3:00-cr-136, Doc. No. 152). Petitioner was sentenced as a career offender to 300 months' imprisonment. (Id.). The Fourth Circuit dismissed Petitioner's appeal, case number 06-4084.

In 2006, Petitioner filed a § 2255 Motion to Vacate that the Court dismissed as time-barred, case number 06-cv-292. Beckham v. United States, 2006 WL 2077561 (W.D.N.C. July 23, 2006). The Fourth Circuit dismissed Petitioner's appeal. United States v. Beckham, 210 Fed. Appx. 288 (4th Cir. 2006).

In 2010, the Court denied sentence reduction pursuant to 18 U.S.C. § 3582 because Petitioner's guidelines calculations were unaffected as he was sentenced as a career offender. (3:00-cr-136, Doc. No. 257).

In 2011, Petitioner filed a second § 2255 Motion to Vacate that the Court dismissed as an unauthorized second or successive § 2255 petition, case number 3:11-cv-627. Beckham v. United States, 2011 WL 6186956 (W.D.N.C. Dec. 13, 2011).

The Court denied sentence reduction pursuant to § 3582 for a second time in 2012, (3:01-cr-137, Doc. No. 279), and the Fourth Circuit affirmed. United States v. Beckham, 491 Fed. Appx. 444 (4th Cir. 2012).

In 2013, Petitioner filed a Petition for Writ of Habeas Corpus through counsel pursuant to 28 U.S.C. § 2241, writ of error *coram nobis* and *audita querela*, case number 3:13-cv-558. The Court denied relief, Beckham v. United States, 2013 WL 6670326 (W.D.N.C. Dec. 18, 2013), and the Fourth Circuit affirmed, Beckham v. United States, 592 Fed. Appx. 223 (4th Cir. 2015).

The Court denied sentence reduction pursuant to § 3582 yet again in 2015. See (3:01-cr-137, Doc. No. 311).

On June 26, 2015, the Supreme Court held in Johnson v. United States that the residual clause of the Armed Career Criminal Act ("ACCA") – which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" – is "unconstitutionally vague." 135 S.Ct. 2551, 2557 (2015). Based on that holding the Court concluded that "imposing an increased sentence under the residual clause … violates the Constitution's guarantee of due process." Id. at 2563. On April 18, 2016, the Supreme Court held in Welch v. United States, 136 S.Ct. 1257, 1265 (2016), that Johnson is retroactively applicable

on collateral review to claims that the defendant was improperly sentenced as an armed career criminal.

On June 23, 2016, Petitioner filed the instant § 2255 Motion to Vacate through counsel, raising a Johnson claim. (Doc. No. 1). These proceedings were stayed pending the Fourth Circuit's consideration of Petitioner's application for leave to file a second or successive § 2255 petition, which was ultimately granted. (Doc. Nos. 3, 4). In the § 2255 petition, Petitioner argued that his career offender sentence is illegal under Johnson because one of his prior convictions no longer qualifies as a career offender predicate.

On November 14, 2016, the Court placed the § 2255 proceedings in abeyance pending the outcome of Beckles v. United States, Supreme Court No. 15-8455, in which the petitioner argued that his career offender sentence was erroneously enhanced by an unconstitutionally vague residual clause of U.S. Sentencing Guidelines § 4B1.2. (Doc. No. 8). On March 6, 2017, the Supreme Court held in Beckles that "the advisory Guidelines are not subject to vagueness challenges." 137 S.Ct. 886, 890 (2017). The Court reasoned that, because the guidelines are not mandatory, due process is not implicated. Beckles did not, however, resolve the question of whether Johnson's constitutional holding applies retroactively to those defendants, like Petitioner, who were sentenced before United States v. Booker, 543 U.S. 220 (2005), when the Sentencing Guidelines were mandatory rather than advisory.

On May 9, 2017, the Court granted a motion to stay these proceedings pursuant to United States v. Brown, No. 16-7056, in which the pre-Booker Sentencing Guidelines issue was pending before the Fourth Circuit. (Doc. No. 11). On August 21, 2017, the Fourth Circuit decided United States v. Brown, holding that Johnson does not apply to cases in which defendants were sentenced under the pre-Booker Sentencing Guidelines. 868 F.3d 297 (4th Cir. 2017). The Fourth

Circuit denied rehearing *en banc*, <u>United States v. Brown</u>, 891 F.3d 115 (4th Cir. 2018), and the Supreme Court denied certiorari, <u>Brown v. United States</u>, 2018 WL 2877128 (U.S. Oct. 15, 2018).

On November 3, 2018, Petitioner filed a Supplemental Memorandum in light of the Supreme Court's denial of certiorari in <u>Brown</u>. (Doc. No. 13). In the Supplemental Memorandum, Petitioner states that the parties agree that, based on the denial of certiorari, Petitioner's claim is foreclosed by <u>Brown</u> as untimely. As Petitioner concedes that his § 2255 petition is untimely, it will be denied and dismissed.

Finally, the Court notes that Petitioner seeks an order from the Court granting a certificate of appealability. Petitioner essentially contends that reasonable jurists would disagree over the constitutionality of the Court's denial of a motion to vacate as untimely in which a petitioner raises a <u>Johnson</u> claim where the petitioner was sentenced pre-<u>Booker</u>. The Court recognizes that Chief Judge Gregory wrote a dissent in the Fourth Circuit's <u>Brown</u> decision arguing that the petitioner there should be entitled to relief under <u>Johnson</u> and <u>Beckles</u>. The Court also recognizes that Justice Sotomayor wrote a dissent in the Supreme Court's decision denying the petition for certiorari in <u>Brown</u>, in which Justice Ginsburg joined. Nevertheless, the Court of Appeals' decision in <u>Brown</u> is binding. Whether this Court or other reasonable jurists may differ on whether <u>Brown</u> was correctly decided, it cannot reasonably be disputed that the holding of <u>Brown</u> is binding on this Court and on subsequent panels of the Court of Appeals.

As <u>Brown</u> is now settled law in this circuit, the Court declines to grant a certificate of appealability in this action. The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. <u>See</u> <u>generally</u> 28 U.S.C. § 2253(c)(2); <u>see</u> <u>also</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 366-38 (2003) (in order to satisfy § 253(c), a "petitioner

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. <u>Slack</u>, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**


Signed: November 16, 2018

Graham C. Mullen
United States District Judge